UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 12-CR-00833-LHK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING WITHOUT |
| v. | ) | PREJUDICE DEFENDANT'S MOTION |
| | ) | FOR RULE 15 DEPOSITION |
| ALONDRA NAYALI TORRE-SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On August 6, 2014, Defendant Alondra Nayali Torre-Sanchez ("Defendant") moved to depose a witness located in the Dominican Republic pursuant to Federal Rule of Criminal Procedure 15. ECF No. 189 ("Mot."). The government filed an opposition on August 20, 2014. ECF No. 193 ("Opp'n"). Defendant filed a reply on August 27, 2014. ECF No. 195 ("Reply"). The Court finds this matter suitable for decision without oral argument, and accordingly VACATES the hearing on this motion set for September 17, 2014, at 11a.m. Having considered the submissions of the parties and the relevant law, the Court DENIES Defendant's motion without prejudice.

I.    BACKGROUND

On February 28, 2013, a grand jury returned a second superseding indictment charging Defendant with one count of conspiracy to possess with intent to distribute methamphetamine and to distribute methamphetamine in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (Count 1), and one count of distribution of methamphetamine and aiding and abetting the distribution of

1

methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 5). ECF No. 69 at 3-5 (Indictment).

The government alleges that Defendant conspired with others to distribute methamphetamine in San Jose during the summer of 2012.[1] The government alleges that in April 2012, John Hidalgo ("Hidalgo") met with undercover agents from the DEA and the Royal Canadian Mounted Police to discuss the sale of methamphetamine and the transportation of drugs from Canada to Mexico. Mot. at 2. Hidalgo told the agents that his coordination of drug distribution was done through use of a program called Pretty Good Privacy ("PGP") which could not be traced by law enforcement.[2] *Id.* On April 27, 2012, Hidalgo provided undercover agents a sample of methamphetamine and arranged to meet the agents at a restaurant in Toronto, Canada on May 24, 2012. *Id.* at 2-3. On May 24, 2012, Hidalgo arrived with a female, later identified as Defendant. *Id.*; Opp'n at 3. Hidalgo introduced Defendant as his business partner and the daughter of his girlfriend, Alma Sanchez.[3] Mot. at 3. Hidalgo and Defendant discussed drug supplies with the agents and met again with the agents on May 25, 2012 to continue the conversation. Mot. at 3; Opp'n at 3. Defendant then told the agents that she could give the agents methamphetamine in either San Jose or Los Angeles. Opp'n at 3.

Thereafter, between June 2012 and September 2012, additional meetings occurred between Hidalgo, Defendant, and the agents. Mot. at 3. The government alleges that in June 2012 Hidalgo provided one agent Defendant's PGP address. *Id.*; Opp'n at 3. Throughout the summer of 2012, Hidalgo and Defendant communicated various times with that agent via PGP concerning the sale of drugs, including the coordination of the sale of four pounds of methamphetamine in San Jose, California that occurred on August 9, 2012, which is charged in Count 1 and Count 5. Mot. at 3; Opp'n at 3-5.

---

[1] The following allegations are taken from Defendant's motion in which she outlines the government's allegations, as well as from "reports and information" that the government claims have "been provided to the defendant in discovery." Opp'n at 2.

[2] Defendant notes in her brief that PGP is a data encryption and decryption computer program that is used to increase the security of email communications.

[3] The government states that Hidalgo is Defendant's stepfather as opposed to the boyfriend of Defendant's mother. Opp'n at 1. The difference is not dispositive to the outcome of the instant motion.

Case No.:  12-CR-00833-LHK
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

United States District Court
For the Northern District of California

1         Defendant's federal criminal trial is set to begin on January 5, 2015. ECF No. 180. In

2 support of her defense, Defendant now moves to take the deposition of Hidalgo before trial

3 pursuant to Rule 15, arguing that it is necessary "in the interest of justice" to preserve Hidalgo's

4 testimony, who cannot attend trial. Defendant notes how Hidalgo was arrested in January 2013 for

5 drug trafficking in the Dominican Republic and remains in custody in Rafey Prison in Santiago De

6 Caballeros in the Dominican Republic pending criminal charges and is therefore unavailable to

7 testify at Defendant's trial in San Jose, California. Mot. at 3. Defendant notes that "the projected

8 duration of Hidalgo's case in the Dominican Republic is unknown and that Hidalgo has been

9 unable to post bail. *Id.* Defendant "anticipate[s] that Hidalgo will remain in custody in the

10 Dominican Republic for the foreseeable future." *Id.* The government opposes Defendant's motion,

11 arguing Defendant has not shown that preservation of Hidalgo's testimony is necessary "because of

12 exceptional circumstances and in the interests of justice," as required by Rule 15. Fed. R. Crim. P.

13 15(a). The government further argues Defendant has failed to articulate Hidalgo's probable

14 testimony and has failed to establish the materiality of the anticipated testimony. Opp'n at 7.

15 **II.  LEGAL STANDARD**

16         In criminal cases, "depositions are not allowed merely for the purpose of discovery."

17 *United States v. Rich,* 580 F.2d 929, 933–34 (9th Cir. 1978). However, "[a] party may move that a

18 prospective witness be deposed in order to preserve testimony for trial. The court may grant the

19 motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P.

20 15(a)(1). The movant has the burden of proof on a Rule 15 motion. *United States v. Olafson,* 213

21 F.3d 435, 442 (9th Cir. 2000). "The district court retains broad discretion in granting a Rule 15(a)

22 motion, and considers the particular circumstances of each case to determine whether the

23 exceptional circumstances requirement has been satisfied." *United States v. Omene,* 143 F.3d 1167,

24 1170 (9th Cir. 1998) (internal citation and quotation marks omitted). "Rule 15(a) only requires that

25 the trial court find that due to exceptional circumstances it is in the interest of justice that the

26 testimony of a prospective witness be taken and preserved for possible use at trial." *Id.* However,

27 "[t]he exceptional circumstances requirement of Rule 15 means that 'only in extraordinary cases

28

3

will depositions be compelled.'" *United States v. Moalin*, 2012 WL 3637370, at *1 (S.D. Cal. Aug. 22, 2012) (citation omitted).

While the Ninth Circuit has not required consideration of these factors, courts often consider the following factors when considering whether to grant a Rule 15 motion: (1) the unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witness's presence at trial; and (3) a demonstration by the movant that the expected testimony would be favorable and material. *See United States v. Zuno–Arce,* 44 F.3d 1420, 1425 (9th Cir. 1995); *United States v. Trumpower,* 546 F.Supp.2d 849, 853 (E.D. Cal. 2008); *Moalin*, 2012 WL 3637370, at *2. The Ninth Circuit has also held that before granting a Rule 15 motion, a court must consider the willingness of the witness to be deposed and whether the safety of United States officials would be compromised by traveling to the foreign location. *Olafson,* 213 F.3d at 442.

## III.    DISCUSSION

Below, the Court considers various factors in order to assess whether exceptional circumstances exist such that it is in the interest of justice to allow Defendant to depose Hidalgo before trial. Given the limited information before the Court at this time, and for the reasons explained below, the Court DENIES Defendant's motion without prejudice.

### A.    Unavailability of the witness at trial and good faith effort to obtain the witness's presence at trial

One factor courts consider in evaluating a Rule 15 motion is whether the witness to be deposed will be unavailable at trial. *Moalin*, 2012 WL 3637370, at *2. Here, Defendant notes, and the government concedes, that Hidalgo is incarcerated in the Dominican Republic for an unknown period of time pending trial. Mot. at 6; Opp'n at 7. Therefore, because Hidalgo is not subject to the subpoena power of this Court and because it appears likely that he will be unable to voluntarily appear for Defendant's trial in California in January 2015, the Court finds that Hidalgo is "unavailable" for trial. *See United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998) ("[T]he Canadian witnesses were unavailable for trial because they were beyond the subpoena power of the United States[.]"); *United States v. Sines,* 761 F.2d 1434, 1439 (9th Cir. 1985) (holding that district court did not abuse its discretion in granting motion for deposition of witness in foreign country

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

1    because the witness was going to soon be incarcerated in Thailand and would not be permitted to

2    leave that country to testify in defendant's trial); *United States v. Jinian,* 2010 WL 3910138, at *2

3    (N.D. Cal. Oct. 5, 2010) (holding that because witness was located in Mexico, he was not "subject

4    to the subpoena power of this Court" and thus was unavailable for trial). Hidalgo's unavailability is

5    one factor that weighs in favor of granting Defendant's motion. Courts also consider whether the

6    movant has made good faith efforts to obtain the witness's presence at trial. *Zuno–Arce,* 44 F.3d at

7    1425. Here, given that both sides acknowledge that Hidalgo will be incarcerated for an unknown

8    period of time in a foreign country, it appears to be out of Defendant's control whether Hidalgo can

9    appear in California to testify at Defendant's trial. Thus, the Court finds that the "good faith

10   efforts" factor is neutral and does not weigh either in favor of or against granting Defendant's

11   motion.

12        **B.        Whether expected testimony would be favorable and material to Defendant**

13        While "Rule 15(a) does not require [a] conclusive showing of [] 'material' testimony before

14   a deposition can be taken," *Omene*, 143 F.3d at 1170, courts consider, as one factor, whether the

15   movant has shown that the testimony is favorable and material. Here, the government argues

16   Defendant's motion should be denied because Defendant makes only vague assertions and fails to

17   detail the expected testimony by Hidalgo and whether it would even be favorable to her defense.

18   Opp'n at 8-9. The Court agrees and finds this factor weighs against granting the motion.

19        Defendant has failed sufficiently to articulate how and why Hidalgo's testimony is

20   favorable and material to her defense. In her motion, Defendant articulates only the following:

21   "Hidalgo will provide context for the meetings in Canada and first-hand accounts of Ms. Torres-

22   Sanchez's actions and role at meetings in Canada which contradict the accounts in the reports of

23   the [undercover agents], this [sic] includes but is not limited to the meeting wherein the San Jose

24   methamphetamine transaction of August 9, 2012 was purportedly discussed with the [undercover

25   agents]; Hidalgo will provide information regarding Ms. Torres-Sanchez's use of PGP encrypted

26   email which refutes the government's claims about her use of the encrypted email to set up the

27   August 9, 2012 sale in San Jose." Mot. at 6. Defendant's explanation of Hidalgo's testimony is

28   vague because Defendant fails to explain what "context" Hidalgo will provide, how Hidalgo's

5

United States District Court

For the Northern District of California

1  account of Defendant's role at the meetings will "contradict" the accounts of the undercover

2  agents, and what "information" Hidalgo will provide regarding Defendant's use of PGP email. Nor

3  does Defendant's Reply provide any further information on these points other than to state that

4  "Hidalgo is a material fact witness with first-hand knowledge of the allegations in the indictment."

5  Reply at 2. This lack of specificity is a factor that weighs against granting a Rule 15 motion. *See*

6  *United States v. Gomez-Morales,* 15 F.3d 1092, at *3 (9th Cir. 1994)  (unpublished) (affirming

7  district court's denial of defendant's Rule 15 motion where district court had reasoned in part that

8  defendant's affidavits were not "sufficiently specific"); *Jinian*, 2010 WL 3910138, at *2-3

9  (denying Rule 15 motion because "[d]efendant has not adequately established that [deponent's]

10  testimony . . . is material" because it was "vague as to the substance of his actual testimony").[4]

11  **C.  Willingness to be deposed and safety of United States officials**

12  Before granting a Rule 15 motion, courts must consider the willingness of the witness to be

13  deposed and whether the safety of United States officials would be compromised by traveling to

14  the foreign location. *Olafson,* 213 F.3d at 442 ("In deciding whether to grant a Rule 15(a) motion,

15  the district court must consider . . . whether the deponent would be available at the proposed

16  location for deposition and would be willing to testify. [] The court should also consider whether

17  the safety of United States officials would be compromised by going to the foreign location."). The

18  Court addresses each factor in turn.

19  First, the Court addresses Hidalgo's willingness to be deposed. Courts have denied Rule 15

20  motions in circumstances where, in combination with other factors weighing against granting the

21  motion, the movant provided no evidence that the deponent would be willing to testify. *See, e.g.*,

22  *Olafson,* 213 F.3d at 443 (holding district court did not abuse its discretion in denying Rule 15

23

---

24  [4]  The government also argues that Hidalgo's testimony is irrelevant and contains "possibly

25  inadmissible hearsay." Opp'n at 10. The Ninth Circuit has indeed suggested that if deposition
   testimony will be inadmissible at trial, a district court does not abuse its discretion by denying a
   Rule 15 motion on that basis. *See United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1569–70

26  (9th Cir. 1989) (finding no abuse of discretion in lower court's decision to deny Rule 15 motion
   where district court had reasoned that some of the testimony was irrelevant and "possibly

27  inadmissible as hearsay"). The Court finds that at this point, without more information concerning
   the substance of Hidalgo's testimony, the Court cannot assess whether the proposed testimony

28  contains inadmissible hearsay.

Case No.:  12-CR-00833-LHK
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

1    motion in part because district court reasoned there was "no indication" that witnesses "were

2    willing to provide testimony at a deposition, or that they would cooperate in any way"); *Zuno–*

3    *Arce,* 44 F.3d at 1425 (holding district court did not abuse its discretion in denying Rule 15 motion

4    in part because "[n]one of the witnesses volunteered to testify at a deposition."); *see also*

5    *Hernandez–Escarsega,* 886 F.2d at 1570 (upholding a district court's decision to deny a Rule 15

6    motion in part because of witness's unwillingness to testify at a deposition). Here, the government

7    notes how "there is no indication that [Hidalgo] is willing to provide testimony at deposition."

8    Opp'n at 7-9. Indeed, Defendant has not presented any evidence that Hidalgo would be willing to

9    testify at a deposition. Defendant even concedes she does not know whether Hidalgo would

10   voluntarily participate in a deposition, noting that there has been "indirect contact with the attorney

11   for John Hidalgo, and the defense expected to know as of the filing of this motion whether Hidalgo

12   would voluntarily participate in a deposition in the Dominican Republic, however, we do not yet

13   have that information." Mot. at 4. Thus, the Court finds that this factor weighs against granting

14   Defendant's motion.

15        Second, courts must also consider whether the safety of United States officials would be

16   compromised by traveling to the foreign location for the deposition. *Olafson,* 213 F.3d at 442;

17   *Omene,* 143 F.3d at 1169–70; *Moalin*, 2012 WL 3637370, at *5. Courts often deny Rule 15

18   motions when the government demonstrates that the safety of government officials would be

19   compromised. *See, e.g.*, *Olafson,* 213 F.3d at 442 (concluding district court did not abuse its

20   discretion by denying Rule 15 deposition in Mexico in part because conditions in Mexico were

21   unsafe for American prosecutors); *Moalin*, 2012 WL 3637370, at *2 (finding defendant failed to

22   show extraordinary circumstances warranting Rule 15 deposition in part because strong safety

23   concerns to United States personnel weighed strongly against granting the motion); *United States v.*

24   *Cruz,* 46 F.3d 1146, at *2 (9th Cir. 1995) (unpublished) (finding district court did not abuse its

25   discretion by denying Rule 15 motion in part because district court considered the dangers to the

26   safety of the government attorney who would need to go to Mexico to depose the witness). Here,

27   neither party addresses the issue of safety in the briefing. Because the government does not raise

28   any argument concerning safety in its opposition, the Court assumes that safety concerns are not a

United States District Court
For the Northern District of California

7

1    basis upon which the government opposes Defendant's motion. The Court thus finds that, for

2    purposes of resolving the instant motion, this factor weighs in favor of granting Defendant's

3    motion.

4         **D.      Weighing of factors**

5         Having considered the various factors discussed above, the Court finds that in light of the

6    lack of specificity concerning Hidalgo's anticipated testimony and the lack of evidence that

7    Hidalgo is even willing to be deposed, Defendant has failed to establish extraordinary

8    circumstances warranting a Rule 15 deposition. Thus, the Court DENIES Defendant's motion.

9         However, the Court's denial is without prejudice subject to a further showing by Defendant.

10   *Moalin*, 2012 WL 3637370, at *6 (denying Rule 15 motion "without prejudice subject to a further

11   showing."). More specifically, the Court denies Defendant's motion without prejudice to give

12   Defendant the opportunity to explain with more specificity the anticipated testimony of Hidalgo

13   and how it would be favorable to her case. The Court also denies the motion without prejudice to

14   allow Defendant to attain more information concerning whether Hidalgo is willing to be deposed.

15   The Court thus gives Defendant, as she requests, additional time to "conclude [her] investigation of

16   Hidalgo" and confirm whether Hidalgo is willing to be deposed. Reply at 3. Granting Defendant

17   additional time is appropriate here, given that Defendant claims her lawyer has "diligently pursued

18   an investigation of John Hidalgo in the Dominican Republic for at least the past 60 days.

19   Undersigned counsel has expressed the urgency of the situation to the investigator working in the

20   Dominican Republic. . . . Hidalgo's lawyer continues to return phone calls, remains cooperative

21   with the defense investigator and continues to express a willingness on behalf of his client Hidalgo

22   to meet with the defense. . . . Given the level of cooperation thus far, we have every reason to

23   believe Hidalgo will cooperate with a deposition. At this point, the defense simply requires

24   additional time within which to continue a fluid and active investigation in order to confirm

25   directly with Hidalgo his willingness be deposed[.]" Reply at 2.

26        The Court notes that after Defendant renews her motion, the Court will reassess its

27   conclusion regarding whether the various factors compel a finding of extraordinary circumstances

28   in this case.

8

Case No.:  12-CR-00833-LHK
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RULE 15 DEPOSITION

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## IV.      CONCLUSION

The Court DENIES WITHOUT PREJUDICE Defendant's motion for a Rule 15 deposition. Defendant must file any renewed motion by September 17, 2014, the government must file its opposition by September 24, 2014, and Defendant's reply must be filed by October 1, 2014. The hearing for any such motion is set for October 8, 2014, at 9:30 a.m.

**IT IS SO ORDERED.**

Dated: September 3, 2014

_Lucy H. Koh_
_____
LUCY H. KOH
United States District Judge

Case No.:  12-CR-00833-LHK
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR RULE 15 DEPOSITION